NOVEMBER 20, 1801.

# Robert Craddock *et al. v.* Wm. Croghan.

*Upon an appeal from a judgment of the General Court.*

The refusal of a court to issue the writ of *mandamus* is neither a judgment nor a decree, and therefore no appeal can be taken from its action.

This is an appeal from the decision or order of the general court on a motion for a mandamus, by which the motion was overruled. It would be improper for this court to go into the merits of the

Craddock *v.* Croghan.

motion; because it is conceived that an appeal on the case is not authorized by law. The privilege of an appeal from the decision on any mandamus appears to be barred by that clause in the act of assembly establishing the court of appeals which prohibits an appeal to be granted from the judgment or decree of an inferior court to the court of appeals, unless such judgment or decree relates to a franchise or freehold. The decision on a mandamus is neither a judgment nor a decree, and for that reason is excluded from the privilege of an appeal. And the right to make an entry for land, which was the point in question in this case, does not relate to a franchise or freehold, and therefore an appeal from a decision thereon was not authorized by this act. It is true that there is a subsequent act of assembly which seems to require that the attorney-general shall take an appeal from every decision on a mandamus which affects the interest of the commonwealth, but it does not extend the privilege to the adverse party. It might be further observed, that in England, from whence we derive our principles of jurisprudence, an appeal from the decision on a mandamus was never permitted. And it seems to the court that the delay consequent on an appeal would defeat the speedy redress which is the principal object in every case where a mandamus will lie, and that all complicated questions being avoided by the mode of procedure thereon, the privilege of an appeal ought not to be sustained without the express directions of the legislature.

Wherefore, it is ordered, that the said appeal be dismissed, and that the appellants do pay to the appellee his costs expended in defending his appeal; which is ordered to be certified to the said court.