Whyte, J.
The rule is, that if there he a prayer for particular relief, and also a prayer for general relief, and there be evidence suited to the special relief sought, the decree should follow the special relief: hut, if the evidence be not suited to the special relief, but is, nevertheless, such as entitles the party to some relief, then the court will proceed on the general prayer. 2 Atk. 141.
I am of opinion, that in all cases where the divorce a vinculo matrimonii is sought, the bill or petition should conclude with a prayer for that relief. This is within the spirit, and indeed the words, of the act of 1799, ch. 19, sec. 5. For this cause, I think the decree should be reversed, and that this court ought to give such judgment as the circuit court ought to have given.
Catkon, J.
The first question is, was this cause properly brought here? The court below ordered commissioners to lay off one third of the personal property to the wife, and the writ of error was taken before this was done. The order to partition the property was in the nature of an execution, and therefore the writ of error ought to have been taken before the decree was executed.
This being a chancery case, will the writ of error lie? By the acts of 1811, ch. 73, sec. 11, and 1809, ch. 49, sec. 26, no other process would lie to bring a cause from the circuit court to this court; and so the law continued up to 1819, ch. 31, which requires that all proof, in chancery causes, shall be in deposition, and that appeal shall lie from the circuit court to this court.
A petition for a divorce is not of the character of a cause contemplated by the act of 1819, ch. 31. The proof is by parol, in all such cases, and ought to be so; because, by the second section of the act of 1799, ch. 18, either party may have any material fact put in issue *422 by, the petition and answer, tried by a jury. In this cause therefore, the writ of error, or an appeal in the nature thereof, which in effect is the same, was the proper .and only process to bring the cause before this court; and had it been desirable to either party to have the proofs heard below, before this court, the bill of exceptions to the decree below ought to have set out the evidence. As the cause now stands, the only inquiry is, did the circuit court mistake the law upon the facts set forth in the record, which must be taken as true by this court. Upon this point I concur with Judge White’s opinion.
Haywood and Peck, Judges, concurred.
Decree reversed.