McClain, Judge,
said:
I concur in the result which has been arrived at in the foregoing opinion; but am unable to concur in some of the reasoning by which that result has been reached.
It is held, in the opinion, that the order directing the road to be restored to Huggins and Price, being an order of a nature to be affirmatively and actually executed, a supersedeas might, in a proper case, issue from this Court, or one of the Judges of this Court, to prevent the execution of such order; and the. reason assigned why the supersedeas is not awarded, is, that this order has been executed, and Huggins and Price are in possesion of the road, and that we cannot give to the writ of supersedeas the operation and effect of a writ of restitution. The plain inference to be drawn from this reasoning is, that, by sec. 3933, of the Code, power is conferred upon this Court or either of the Judges thereof, to issue the writ of supersedeas, to prevent the execution of an interlocutory order or decree of a Chancellor, made at Chambers. The order in question in the present case having been made by a Chancellor, at Chambers, I do not think that such power is conferred upon this Court, or the Judges of this Court, by that section of the Code, or any other. The orders and decrees mentioned in that section, which may be superseded by this Court, or either of the Judges, are not orders and decrees made by the Chancellor, at *229 Chambers, but orders and decrees which can be made only by the Chancellor in term time.
The Code must be taken as our statute, divided into parts — chapters, articles, sections, and sub-sections — and its different parts which relate to the same subject matter, must be construed with reference to each other. "When the same terms are used in the Code which appear in the Constitution of the State, they must be taken to have the same meaning as in the Constitution, unless the context, or other parts of the Code, show that they are used in a different sense.
Section 3933, of the Code, is in these words:
“ The Supreme Court, in term, or either of the Judges, in vacation, may grant writs of supersedeas to an interlocutory order, or decree, or execution issued thereon, as in case of final decrees; and may require the party applying, to give bond with good security, payable to the opposite party, conditioned to pay the amount of the interlocutory order, or decree, if so required upon final hearing; and further, to pay all such costs and damages as the opposite party may sustain.”
Section 1, of Article 6, of the Constitution of Tennessee, is in these words:
“The judicial power of this State shall be vested in one Supreme Court; in such inferior courts as the Legislature shall, from time to time, ordain and estáb-lish, and the judges thereof, and in justices of the peace.”
Here a distinction is made, between such inferior *230 courts as tbe Legislature shall, from time to time, ordain and establish, and the judges of such courts.
The distribution of judicial power between such inferior courts as the Legislature shall, from time to time, ordain and establish, and the judges of such courts, is left to the Legislative department to make.
As to the distribution of judicial power between the Chancery Court and the Chancellor at Chambers, it will suffice, for our present purpose, to refer to a few sections of the Code.
Section 4410 is in these words:
“The Chancellors have power, as well in vacation as in ■ term time, to hear and determine all such motions, and to make all such interlocutory orders and decrees, in any suit, as may be necessary or proper to prepare the case for final hearing and determination.”
Section 4411: “And when any decree or order shall have been made in any suit pending in the Court, the Chancellors in like manner, have power, as well in vacation as in term time, to make such further orders and to issue such writs and process as may be necessary to carry into effect such decrees or orders.”
Section 4412: “But no such motion shall be heard nor such decree or order made in vacation, until reasonable notice shall have been given the adverse party, or his counsel, to appear and object.”
Section 4413: “The power conferred in the foregoing sections extends to the making of rules and orders for the preparation of suits, but not to the making *231 of decrees, ordering accounts, or such like decrees fixing or settling the rights of parties in vacation.”
Here we have an outline of the general powers conferred upon Chancellors at' Chambers, and the precise limit fixed beyond which such powers do not extend.
This limit is the making of decrees, ordering accounts, or such like decrees fixing or settling the rights of parties. Such decrees are not to be made in vacation, but only in term time.
In the legislation distributing judicial power between the inferior Court of Chancery, which has been ordained and established by the Legislature, and the Judge of this Court, it is manifest that large judicial powers are vested in the Chancery Court which may not be exercised by the Chancellor at Chambers.
Now, section 4513 of the Code, which is a - brief reference to and recapitulation of the two sections we are now considering, keeps up this distinction between the Chancery Court and the Chancellor at Chambers.
That section is in these words:
“They (referring to Judges of the Supreme Court) may also grant supersedeas to the execution of an interlocutory decree of an inferior court in the cases provided for in sections 3933 and 3934.”
The word inferior court is here used in the same sense in which it is used in the Constitution. It does not mean the Judge of the inferior court; it means the inferior court itself, which has been ordained and established by the Legislature.
*232 I conclude that the interlocutory orders and decrees referred to in section 3933, are such as may fall within that class of decrees and orders which are mentioned in section 3157, from which an appeal may, in the discretion of the Chancellor, he taken. The views here expressed are not in conflict with what is said in the ease of Delap vs. Hunter, 1 Sneed 101, in reference to the Acts of 1851-2, chapter 181, section 4, which is carried into the Code, section 3933.
The language of section 8933 is, that the supersedeas may issue as in ease of final decrees.
The jurisdiction to issue it was evidently intended to stand, and must stand, upon the same ground as the supersedeas to a final decree.
It is a mere incident to appelate jurisdiction.
It cannot be said to be incident to appelate jurisdiction when the order or decree superseded is not one that can be appealed from.