HUME *et als.* *v.* COMMERCIAL BANK OF KNOXVILLE
*et als.*

1. WRIT OF ERROR. *Will not lie.* *When.* A writ of error does not lie to bring up a decree disposing of part of the defense of one defendant, or settling the rights of one of several defendants.

2. PRACTICE. *Hearing.* A party is entitled to only one hearing on the merits, and cannot have several hearings on separate parts of his case.

.3. DECREE. *Not binding.* *When.* The opinion of the Chancellor on points not properly before him, although entered on the minutes of the court in the form of a decree, will not bind the parties in the subsequent proceedings.

FROM KNOX.

Writ of error from the Chancery Court at Knoxville.  O. P. TEMPLE, Ch.

CORNICK & COMFORT for complainants.

TILLMAN for defendants.

COOPER, J., delivered the opinion of the court.

The Commercial Bank of Knoxville having failed and made an ass'gnment of its property to a trustee, this bill was filed by creditors, on behalf of themselves and all others, against the bank, its directors and stockholders, and the t· .~ ee, to administer the trust, and to charge the directors personally for neglect of duty, and to charge the stockholders under the third section of the bank charter, which provides, "that the individual property of the several stockholders shal be responsible for all the debts, liabili-

ties and deposits of said bank." The bill alleges that James R. Cocke was a stockholder, and, at one time, a director of the bank, and, he having died, makes Lewis Tillman, Jr., his administrator, a defendant. Tillman demurred, but his demurrer was overruled. He then answered, relying in his answer upon the plea of the statute of limitations. By consent of the complainants, the plea was heard, separately from the other matters of defense, the facts therein stated as to the date of the intestate's death and the qualification of the administrator being admitted. The plea was held to be a bar to the right of action of all the creditors except those who were non-residents of the State. The defendant has brought the case before this court by writ of error obtained from the clerk, in order to test the correctness of the exception made by the Chancellor in favor of non-resident creditors.

The trustee of the bank, who was made a defendant to the original bill, filed his answer as a cross-bill against all the other parties, asking substantially the same relief. He makes Tillman, as administrator of Cocke, a defendant, and, after stating the amount of Cocke's stock subscription, adds, "that up to the time of the suspension of the bank no call had ever been made, by the proper authorities, upon either the said Cocke or his administrator, to pay in any part of the subscribed stock." Tillman demurred upon the ground that all liability incurred by his intestate, as stockholder and director, was barred by the statute of limitations. The demurrer was sustained, and the

trustee has obtained a writ of error from the clerk of this court to test the validity of the Chancellor's ruling.

The original suit, it will be noticed, is before us on a writ of error to revise the action of the court below on the plea of the defendant Tillman of the statute of limitations, constituting a part only of his defense, and taken up out of the regular order of the cause by consent of parties. The cross suit is before us on a writ of error of the complainant, the bank trustee, to revise the action of the Chancellor in finally disposing of the cross cause as to one of several defendants on demurrer. No objection has been made by either party to this course of procedure, but we are unable to find any law to sustain it.

A writ of error lies only from a final judgment or decree where an appeal would have lain as of right. Code, secs. 3176, 3172, 3159; *Meek* v. *Mathis*, 1 Heis., 540. An appeal does not lie as of right from a decree settling part of a cause as to one of several defendants, nor the whole of the cause as to one of several defendants. *Delap* v. *Hunter*, 1 Sneed, 101; *Harrison* v. *Farnsworth*, 1 Heisk., 751. By the Code, sec. 3157, the Chancellor may, in his discretion, allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others. Even in such a case, if the party neglects to invoke the discretion of the Chancellor by praying an appeal, there is no remedy until a final hearing of the cause as to all parties. A writ of error does not lie, and neither an appeal

or a writ of error is given to bring up a part of the case of a single defendant.

But we think we may utilize the consent of the parties to the course pursued in this case so far as, without actually adjudging rights, to loosen the knots which have been tied in the court below, and permit the parties to prepare for a final hearing on the merits without the useless delay which must otherwise take place. The decision of the Chancellor both on the plea and the demurrer, in view of the allegations of the bills, is probably in conflict with the ruling of this court at the present term in the Ocoee Bank case, and ignores the fact that the stock of the intestate has been all the time, so far as appears, and still is the property of the estate. The court below probably erred, even with consent of parties, in trying a part of the defendant Tillman's defense to the original bill separate from his other defenses. A party is entitled to only one hearing on the merits. To split up defenses and try each defense separately would lead to confusion and complication, and, even if admissible, would unnecessarily tax the already overburdened courts. The sound and safe rule of the inferior courts, as of this court, is to have only one trial of all the questions involved in a cause.

This record shows that, after the Chancellor had overruled Tillman's demurrer to the original bill, he nevertheless proceeded to adjudge rights so far as they depended on the statute of limitations. No doubt this was done at the instance of the parties, although the record does not show the fact, under the idea.

that it would narrow the litigation. But, in the absence of an issue or proper pleadings, what was done amounted only to an abstract opinion, and, if not void, cannot be held to bind the parties in the subsequent proceedings.

Based upon the consent of the parties by their submission of this case without objection, the rulings just referred to and the rulings on the plea and the demurrer will be reversed, but without prejudice to the rights of the parties, and with leave. to rely upon the plea as if no hearing had been had, and upon the matters of demurrer in the answer. Each party will pay one-half the costs of this court.