Hunter *v.* Gardenhire.

CALEDONIA HUNTER *v.* G. W. GARDENHIRE *et al.*

CHANCERY PLEADINGS AND PRACTICE.  *Demurrer.*  *Appeal.*  An appeal will not lie from a decree sustaining a demurrer filed to a bill by one or more but not all of the defendants.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

CLIFT and BATES for Hunter.

DeWITT & SHEPHERD and W. L. EAKIN for defendants.

COOPER, J., delivered the opinion of the court.

This bill was filed February 15, 1882, to set up a

will of the complainant's grand father, alleged to have been made and published on October 30, 1840, and fraudulently suppressed, and the fact of its existence concealed by the oldest son of the testator in confederation with others of the older children. The complainant avers that by the will the testator devised all of his lands to his daughter Susan, with remainder to her children, and that complainant is one of five children of Susan. The bill further charges that the eldest son bought the interest which the other children would have had in the land of the testator if he had died insolvent, and afterwards sold and conveyed the lands to various parties who are made defendants. These defendants demurred to the bill, and the chancellor sustained the demurrer. From the decree dismissing the bill as to these defendants the complainant appealed. The children of the testator, who are made defendants, did not demur, but answered, and the cause remains in the court below as to them. The question which arises on this state of the case is whether the appeal can be entertained.

The rule in this State always has been that an appeal only lies to this court from a final judgment or decree: *Joslyn* v. *Sappinyton*, 1 Tenn., 222; *Meadows* v. *State*, 7 Cold., 416; *Harrison* v. *Farnesworth*. 1 Heis., 751. A decree is not final which settles the cause as to only a part of the defendants: *Delap* v. *Hunter*, 1 Sneed, 101; *Hume* v. *Commercial Bank*, 1 Lea, 220; *Grotenkemper* v. *Carver*, 4 Lea, 383. It is obvious, therefore, that the appeal in this case was improvidently granted, unless it falls within the pro-

Hunter *v.* Gardenhire.

visions of the Code, sec. 3157, the only statute which makes exceptions to the general rule. But that section, so far as it applies to this case, only allows an appeal, in the discretion of the chancellor, from a decree overruling a demurrer or settling the right of the party appealing. A decree which settles the right of the complainant as to one or more, but not all of the defendants, does not fall within the statute. And the reason for limiting the right of appeal in such case is that the contrary practice would necessarily divide the cause into two suits, when the complainant concedes by the frame of his bill that all the defendants are essential parties to entitle him to the relief he seeks. The complainant can only revise the action of the chancellor after the final decree ·below.

The appeal will be dismissed as improvidently granted, at the cost of the appellant.