H. D. BOZEMAN *et al. v.* MRS. JOHN J. NAFF.*

*(Nashville.* December Term, 1926.)

Opinion filed, February 26, 1927.

1. **APPEAL IN ERROR AT LAW. Right of respective parties. Construction of Acts 1811, ch. 72, sec. 11 and Acts 1827, ch. 52 sec. 1.**

Any one, or more of the parties, to an action at law in the circuit court may at the term at which final judgment is rendered as to such party or parties pray an appeal in the nature of a writ of error to the appellate court, although case is pending as to others. (Post, p. 123.)

Citing: Code 1858, sec. 3174, both other Codes, sec. 4909, and Shannon's Code secs. 4891, 7220.

Citing: Brown v. Gyre, 2 Overton, 189; Osborne v. Poe, 6 Humph., 111, 113; Lightfoot v. Grove, 5 Heisk., 473; Parsons v. Kinzer, 3 Lea, 342.

2. **SAME. Same. Construction of statute.**

If doubt arises as to the legislative meaning regulating the right of appeal, the doubt should be resolved in favor of the right of appeal. (Post, p. 124.)

Citing: 1 Ruling Case Law, 29.

Citing: Code, Shannon, secs. 4851, 4693a1, 5737.

Citing: Railroad v. Fort, 112 Tenn., 432.

3. **STATUTE. Construction.**

The construction or interpretation of a statute by the legal profession is entitled to great weight. (Post, p. 124.)

4. **APPEAL. Equity follows the law.**

- Where equity causes are governed by different statutes, there as at law, an appeal may be taken by a party, as to whom the decree is final. (Post, p. 126.)

Citing: Street Railway v. Gore, 106 Tenn., 390; Price v. Clapp, 119 Tenn., 435; Brooks v. Fleming, 65 Tenn., 331; Pillow v. Pillow, 13 Tenn., 420.

Citing and distinguishing: Delap v. Hunter, 33 Tenn., 101; Harrison v. Farnsworth, 48 Tenn., 751; Hume v. Commercial Bank of Knoxville, 69 Tenn., 222; Hunter v. Gardenhire, 78 Tenn., 87; Long v. Ingalls Zinc Co., 99 Tenn., 476.

5. **SUPREME COURT PRACTICE. Remand to Court of Appeals.** Where the judgment of the Court of Appeals is reversed that court having dismissed the appeal because premature, the case will be remanded for a decision upon the merits. (Post, p. 131.)

---

*Headnotes 1. Appeal and Error, 3 C. J., section 476; 2. Appeal and Error, 3 C. J., section 476; 3. Appeal and Error, 3 C. J., section 476; 4. Appeal and Error, 3 C. J., section 280; 5. Statutes, 36 Cyc., p. 1188; 6. Statutes, 36 Cyc., p. 1188; 7. Appeal and Error, 3 C. J., section 280.

---

## FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— HON. A. B. NEIL, Judge.

J. E. KEEFE, JR., for plaintiff in error.

W. S. NOBLE and MERIWETHER BAXTER, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Mrs. Naff instituted this suit against her husband and five other individuals to recover $575, alleged to be due her for stenographic services.

The jury returned a verdict against all six of the defendants for the full amount sued for.

All of the defendants, except Mrs. Naff's husband, filed a motion for a new trial, which was granted as to one and overruled as to the others. Judgment was en-

tered against the four for $575, together with the costs of the suit, and execution was ordered to issue.

Said four defendants prayed and were granted an appeal in the nature of a writ of error to the Court of Appeals. That court dismissed the appeal because premature in that the judgment appealed from was not final.

The case was brought to this court by petition for writ of *certiorari,* which has been heretofore granted, and the case argued at the bar by counsel.

There can be no doubt but that the judgment appealed from was final, so far as the appellants are concerned. The question for decision, therefore, is whether an appeal lies in such a case where the rights and liabilities of other parties to the suit have not been adjudged?

The controlling statute is section 4909 of Shannon's Code (Chapter 72, Section 11, Acts of 1811), which is as follows:

"Either party to an action at law in the circuit court or to an issue of fact tried by jury in the chancery court at the instance of the parties, may, in like manner, at the term at which final judgment is rendered, or a decree from which an appeal may be allowed is entered, pray an appeal in the nature of a writ of error to the supreme court."

The word "either," as used in the statute, likely meant "all of the plaintiffs" or "all of the defendants," because at that time one of several parties to a judgment could not appeal alone. *Brown* v. *Gyre,* 2 Overton, 189; *Osborne* v. *Poe,* 6 Humph., 111-113.

To remedy that situation the legislature, by section 1, chapter 52, Acts of 1827 (Shannon's Code, section 4891), passed the following statute:

"Any one or more of the parties to a judgment or decree may pray and obtain an appeal therefrom, the judg-

ment remaining in full force against such of the parties as do not appeal.''

This statute applies principally to judgments at law, and such decrees as approximate in their nature to judgments. *Parsons* v. *Kinzer,* 3 Lea, 342.

While the statute uses the words ''pray and obtain an appeal,'' this court, in furtherance of the legislative intent, has construed it to apply to any process by which a case may be brought into the appellate court. *Lightfoot* v. *Grove,* 5 Heisk., 473; *Parsons* v. *Kinzer,* supra.

Construing the two statutes together, it seems clear that any one or more of the parties to an action at law in the Circuit Court may, at the term at which final judgment is rendered, pray an appeal in the nature of a writ of error to the appellate court. In our opinion, the term ''final judgment'' was not used in a sense that nothing further remained for the court to adjudicate in the case; but the legislative intent was that where the judgment was final as to one or more of the parties they could appeal. There are several reasons for this conclusion.

First, if doubt arises as to the legislative meaning the doubt should be resolved in favor of the right of appeal.

In 1 Ruling Case Law, 29, it is said:

''Statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal.''

The facts of the case under consideration, hereinafter detailed, illustrate the wisdom of the rule.

Second, the legislature has made no specific provision for preserving the evidence or staying execution in a case like this, and their failure to do so must be attributed to the fact that they intended that such parties could appeal.

This court has held in many cases that a bill of exceptions must be filed during the term at which the case was tried. These appellants might have filed a wayside bill of exceptions at the trial term under section 4851 of Shannon's Code. Section 4693a1 of Shannon's Code provides additional time after adjournment of court in which to file a bill of exceptions, but it is limited to cases that are appealable, and does not apply to a wayside bill of exceptions. *Railroad* v. *Fort,* 112 Tenn., 432.

Here appellants prayed and were granted an appeal, and were allowed thirty days within which to file a bill of exceptions, and filed it within that time, but not during the trial term. If the case were not appealable, then appellants have only a wayside bill of exceptions, not filed during the trial term, and can never have the case heard upon its merits in the appellate courts. The statute provided that any party could appeal from a final judgment, but did not say whether final as to the appellant, or final as to all parties. Both the trial court and counsel interpreted it to mean the former. Although in force one hundred years it has never been construed otherwise. If a mistake were made, then the appellants are without remedy, and, as previously stated, in these circumstances, the statute should be so construed as to give validity to the appeal.

While Section 5737 of Shannon's Code provides that the appellate courts may grant writs of *supersedeas* to an interlocutory decree, or execution issued thereon, no provision is made for superseding an execution issued upon a judgment in the Circuit Court.

In a strictly law case, like this one, an interlocutory order, such as is frequently entered in the Chancery Court, is rarely made.

Third, while the statutes involved have been in effect for a century it does not seem that the right of appeal, in such a case, has ever been questioned; and, in our judgment, the legal profession has generally interpreted them as authorizing an appeal in such circumstances.

In *Street Railway* v. *Gore,* 106 Tenn., 390, a joint verdict was returned against two defendants. A new trial was accorded one and judgment entered against the other and his appeal was entertained by this court.

This holding was subsequently approved in *Price* v. *Clapp,* 119 Tenn., 435.

In *Brooks* v. *Fleming,* 65 Tenn., 331, the original bill was filed for the purpose of having an accounting between partners, in which an injunction restraining one of the partners from collecting fees due the firm was issued and served. Pending the hearing the complainant by affidavit charged the defendant with collecting fees in violation of the injunction and he was decreed in contempt, and this court held the cause appealable, notwithstanding other features of the cause has not been disposed of.

In *Pillow* v. *Pillow,* 13 Tenn., 420, the wife was decreed a divorce and alimony in the Circuit Court, and commissioners were appointed to lay off one-third of the personal property to her, and the writ of error was taken before that was done. The question of the prematurity of the appeal was raised. The court said:

"The order to partition the property was in the nature of an execution, and, therefore, the writ of error ought to have been taken before the decree was executed."

That case was decided before the enactment of the statute authorizing discretionary appeals in certain equity causes.

Section 7220 of Shannon's Code provides that "either party to a criminal proceeding may, with the exception stated in the last Section, at the term in which final judgment is rendered, pray an appeal in the nature of a writ of error to the Supreme Court."

The exception referred to is a judgment of acquittal.

This Section is in almost the exact language of Section 4909. They both authorize an appeal from "a final judgment." The uniform practice of this court has been to entertain an appeal by a convicted defendant where there was a mistrial, or a new trial was granted as to one jointly indicted with him. To deny an appeal in such a case would often work great hardship and violate the spirit of the constitutional provision guaranteeing a speedy trial.

"In criminal prosecutions the same policy with respect to appeals prevails as in other cases; and as a general rule a judgment to be reviewable by appeal or otherwise must be final." 1 Ruling Case Law, 45.

Fourth, we see no basis or reason for denying a defendant an appeal where the judgment is final as to him, and no further action can be had against him in the trial court. The record is complete so far as he is concerned, and will eventually have to be determined in the appellate court upon the record as thus made; and such will be the case where the other defendant does not appeal from the final judgment entered against him. If upon another trial judgment is entered against the other defendant, and he appeals, his case will have to be determined in the appellate court upon the evidence introduced and the orders entered at the trial. There will be practically two transcripts and two cases for decision in the appellate court.

We are unable to see that such a procedure would to any appreciable extent lighten the labors of the appellate courts. The dockets of the trial courts are frequently congested; mistrials are not infrequent; unavoidable circumstances necessitate continuances; for these and other reasons much time might elapse before a final judgment is entered in the trial court. Such delay might result in injury and prejudice to the party against whom final judgment was entered many months previous. We are unable to see how such a procedure would benefit any one.

Fifth, even in equity causes, which are governed by different statutes, we have been unable to find any decision of this court declining to entertain an appeal by a party as to whom the decree was final.

There are many cases discussing the difference between an interlocutory and a final decree, but in each the real question involved was whether the decree was final *as to the appellant* and if not, whether it came within the provisions of Section 4889 of Shannon's Code authorizing discretionary appeals from certain interlocutory decrees. A list of these cases will be found in note 36 under said section.

In some of these cases there are expressions to the effect that an appeal will lie only when the decree is final as to all of the parties, and the case of *Delap* v. *Hunter*, 33 Tenn., 101, is cited as authority for the proposition. That case, however, goes no further than to lay down the rule that neither an appeal or writ of error will lie upon an interlocutory decree. There a decree was entered settling the rights of all the parties but referring the cause to the master to ascertain the extent of the liability of George Delap, one of the defendants, to the complainants.

With this question the other defendants had no connection, and so far as they were concerned the case was fully disposed of except as to costs, as to which the decree is silent.

The cause was brought to this court by three of the defendants by writ of error. Responding to the question of prematurity of the appeal the court said:

"In the decree before us, according to the foregoing rules, the decree was interlocutory, and not final. The case was not finally disposed of as to any of the parties, as no disposition was made of the costs in the cases of those whose rights were settled. As to defendant Geo. Delap, a very material fact was to be ascertained by the reference, before the case could be ended as to him."

The question we are considering was neither involved nor discussed.

In *Harrison* v. *Farnsworth*, 48 Tenn., 751, this court, speaking through Special Justice SHIELDS, said that, notwithstanding the decree adjudicated all of the questions in which the appellant Farnsworth had an interest, "he could not appeal from the decree, as a matter of course and of right, until a final adjudication of the rights and equities of all the other parties. *Delap et al* v. *Hunter et al.*, 1 Sneed, 101."

The opinion in that cause did not set forth the provisions of the decree, but the court said that it was interlocutory "in some respects," and that the appeal was properly granted by the chancellor in the exercise of his discretion.

This is the strongest case we have found supporting the rule of finality as to all parties. But the excerpt, quoted above, was based upon a misconception of the decision in *Delap* v. *Hunter*. As we construe the opinion in the latter case, it undertook to point out that a decree

155 Tenn.—9.

which left nothing for further determination as to a particular party was final as to him; while a decree that did not finally dispose of the cause as to him, notwithstanding it settled his rights, was interlocutory. In other words, if the decree appealed from had adjudicated the costs it would have been a final decree so far as the appellants were concerned.

In *Hume* v. *Commercial Bank of Knoxville*, 69 Tenn., 222, the court said:

"An appeal does not lie as of right from a decree settling part of a cause as to one of several defendants, nor the whole of the cause as to one of several defendants. *Delap* v. *Hunter*, 1 Sneed, 101; *Harrison* v. *Farnsworth*, 1 Heisk., 751."

The court, however, adjudicated the rights of the appellants upon the theory that the parties had inferentially agreed thereto by making no question as to the prematurity of the appeal.

The same statement was made in *Hunter* v. *Gardenhire*, 78 Tenn., 87. But in that case a demurrer filed by some of the defendants was sustained, and the complainant appealed. Necessarily the decree was not final as to him, for the reason that the cause was undisposed of as to other defendants, and it was not, therefore, finally determined.

In *Lang* v. *Ingalls Zinc Co.*, 99 Tenn., 476, it was held that a decree dismissing the bill as to a part of the defendants was not final as to the complainant so as to authorize an appeal by him.

We wish to emphasize the fact that in none of these causes did this court undertake to apply the rule to a law case, appealed by a part of the defendants, as to whom

the judgment was final, although undetermined as to other defendants.

For the reasons set forth above, the judgment of the Court of Appeals will be reversed and the case remanded to that court for a decision upon the merits.