**Carl BURTON, Plaintiff-Appellant,**

v.

**BORDEN FOODS COMPANY, Defendant-Appellee.**

Supreme Court of Tennessee.

June 5, 1972.

Woolard & Bishop, Lebanon, Solon Fitzpatrick, Carthage, for plaintiff-appellant.

Don R. Binkley, Gracey, Buck, Maddin & Cowan, Nashville, for defendant-appellee.

---

OPINION

HUMPHREYS, Justice.

This is a Workmen's Compensation suit in which the sole question is whether the venue is in Smith County, Tennessee.

Burton brought suit in Smith County, on November 19, 1970, alleging that he had sustained an injury compensable under the Workmen's Compensation Law, while an employee of Borden Foods at its Smith County plant. Borden having closed its plant in Smith County, and there being no agent or officer in the county on whom process could be served, process was served on Borden in Davidson County, Tennessee.

On Borden's plea in abatement to the venue of the court, on the ground that it had no office, agency or resident director in Smith County, Tennessee, and that process had been served in Davidson County, Tennessee, the trial judge sustained the plea in abatement, holding that the case of Human v. Liberty Mutual Insurance Company, 219 Tenn. 335, 409 S.W.2d 536 was controlling.

In *Human* the majority of this Court, bound by precedent, held that the right to bring a Workmen's Compensation suit in a county where the petitioner resides or where the accident occurred, although indicated as a right by § 50–1018 T.C.A., is subject to the rules generally regulating venue, and thus is subject to the condition that the defendant be servable with process in the county where the suit is brought, as in other civil cases.

The trial judge ruled properly on the case as presented. Human required that the suit be dismissed on the venue ground raised by the plea. However, it now appears that a law enacted by the general assembly of Tennessee, which did not come to the attention of the trial judge, may dictate a different result.

By Chapter 51, Public Acts of 1971, enacted on July 1, 1971, § 20–401 T.C.A. was amended to provide: "In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found and counter-part process may be sent to another county as in local actions."

Since Workmen's Compensation actions are transitory in nature, Chambers v. Sanford and Treadway, 154 Tenn. 134, 289 S.W. 533 (1926), the question remaining is whether this statute applies to this action, so as to validate the service of process, and this is answered by the nature of the statute, whether or not it is remedial and so may be given retrospective application.

50 Am.Jur.Statutes, § 16 says, "Another common use of the term 'remedial statute' is to distinguish it from a statute conferring a substantive right and to apply it to acts relating to the remedy, to rules of practice or courses of procedure, or to the means employed to enforce a right or address an injury." Under this definition which is supported by citation of a number of cases including Bozeman v. Naff, 155 Tenn. 121, 290 S.W. 981, Chapter 51 of the Public Acts of 1971 should be regarded as remedial. It loosens the restrictions of the statute amended and so to this extent remedies the wrongs which might have flowed therefrom, and by this criterion earns application on this basis.

Our own cases teach that a remedial statute may be applied retrospectively. In Corn v. Brazelton, 32 Tenn. (Swan.) 273, the general assembly had enacted a law declaring that this Supreme Court should not arrest judgments "for any defect or imperfections in matters of form," and this Court held that the statute applied to all cases brought into this Court after the act went into effect, though the suits may have been instituted before the statute was enacted. In Nelson v. North, 1 Tenn. 33, 1 Overton 33, the Acts of 1801, Chapter 6, provided that any non-resident might plead, answer or demur at any time before final decree, and that the statute should be enforced from its passage. This Court held it applied not only to suits brought after the passage of the act, but to those that had been previously instituted.

Again, in National Life & Accident Ins. Co. v. Atwood, 29 Tenn.App. 141, 194 S. W.2d 350, it was held that a statute which furnished a new remedy but does not impair any contractual obligation or disturb a vested right, is applicable to proceedings begun before its passage. See, also, Dowlen v. Fitch, 196 Tenn. 206, 264 S.W.2d 824.

The plea in abatement, although filed January 11, 1971, was amended on the 24th day of September 1971, and sustained on the 8th day of November 1971. So it is evident the statute was in effect at the time the suit was dismissed. Since the validity of the process had to be determined at the time the plea in abatement was acted on, and since at that time the statute had been amended so as to authorize service of process in the manner in which this process was served, reason and justice dictate that the process be sustained. A primary object being justice, this result is also prompted by the strongly held opinion that § 50–1018 T.C.A. authorizes Workmen's Compensation suits to be brought in the county in which the petitioner resides or in which the alleged accident happened. (Dissenting opinion in Human v. Liberty Mutual Insurance Co., supra).

Since, as we write the venue now is in Smith County, and could be invoked the next day after an adverse decision, it would be an exercise of futility to dismiss the case. Dismissal for lack of venue is not a dismissal on the merits of the case, Davis v. Parks, 151 Tenn. 321, 270 S.W. 444 (1924), and so T.C.A. § 28–106, allowing a new suit to be brought, would apply.

The judgment of the Circuit Court sustaining the plea in abatement and dismissing the suit is set aside, and the case is remanded for further proceedings not inconsistent with this opinion.

DYER, C. J., CRESON, and Mc-CANLESS, JJ., and MILES, Special Justice, concur.