REUBEN McCLAIN *v.* T. S. EASLY.

1. CONSTITUTIONAL LAW. *Power of Legislature to alter remedies for the enforcement of contracts.* The Legislature has no power under the Constitution, to alter remedies so far as regards antecedent contracts less effective or more dilatory than those ordained by the law in being when the contract was made, if such end be the direct and special object of the Legislature apparent in an act for that purpose. The Act of 1861, Ch. 2, providing for the stay of collections of all judgments rendered by Courts or Justices for definite periods, upon new or additional securities to be given by judgment debtors, and §3 thereof requiring the executions of Justices to be registered, thus securing the lien without providing for its enforcement, applied to a judgment rendered prior to its passage, and,

*Held* void as falling within the constitutional prohibition.

Cases cited: Townsend *v.* Townsend, Peck 1; Farnsworth & Reeves *v.* Vance & Fleming, 2 Cold. 108; Webster & Mann *v.* Rose, 6 Heisk., 93.

2. VOID CONTRACTS. *When sale of land not champertous.* The provisions of the Statute against champertous sales of land, do not apply to sales under execution. Therefore, the title of a conveyee of land under a judgment debtor's deed, after levy but before sale, is inferior to the title acquired by the assignee of the purchaser's bid at the sale, holding under Sheriff's deed. In such a case, the debtor's conveyee held subject to the lien of the levy, and when the sale took place, the title of the purchaser related back to the date of the levy and overreached the title under the intermediate conveyance.

Code cited: §1779.

FROM HICKMAN.

Appeal from the Circuit Court. E. WALKER, Judge.

MYERS, EARLY and EDWARDS for plaintiff.

McClain *v.* Easly.

P. P. BATEMAN for defendant.

NICHOLSON, C. J., delivered the opinion of the Court.

Easly sued McClain in ejectment, in the Circuit Court of Hickman County, for a tract of land situated in that county. Judgment was rendered in favor of Easly, and McClain has appealed in error.

Several errors are relied on for reversal.

1. Easly relies on a Sheriff's deed, after a sale under a *venditioni exponas,* issued on an order of condemnation, based on a judgment by a Justice of the Peace, rendered in 1861, and levy by a Constable made on the land in 1862. The execution was not registered, in pursuance of the Act of 1861, Ch. 2, §3, but after levy was returned with the other papers to the Circuit Court. It is insisted, that, on account of the failure of the creditor to have his execution registered, as required by the Act referred to, he lost his lien on the land.

The Act of 1861, Ch. 2, is entitled "an Act prescribing the remedy for the collection of debts and relief of the people." It expired by its own limitation, on the 1st day of July, 1862. The general object of the Act was to stay the collection of all judgments, rendered by Courts or Justices, for definite periods, upon new or additional securities to be given by judgment debtors. The conclusion of the third section provides as follows : "In order to constitute the levy on real estate valid as to proceedings before a Justice of the Peace, the execution shall be registered in the

Register's office of the county where the land lies." The Circuit Judge (Elijah Walker) held this provision to be unconstitutional, as it obstructed and embarrassed the creditor's remedy, which existed by law, at the time his judgment was rendered.    Ever since the case of *Townsend* v. *Townsend,* Peck's Reports, 1, the rule has been followed in our State, " that the Legislature may alter remedies, but they must not, so far as regards antecedent contracts, be rendered less effective or more dilatory than those ordained by the law in being when the contract was made, if such end be the direct and special object of the Legislature, apparent in an Act for that purpose."    In pursuance of this principle, the case of *Webster & Mann* v. *Rose,* 6 Heisk, 93, was decided, in which it was held that the Act of 1861, Ch. 2, (the same now under consideration) was unconstitutional, and the case of *Farnsworth & Reaves* v. *Vance & Fleming,* 2 Cold., 108, was overruled.

The judgment in the present case, had been rendered before the passage of the Act of 1861.    At that time, the judgment creditor had the right, under the law, to have his execution levied on the debtor's land, and thereby to secure a lien which could be rendered available by returning the papers to the Circuit Court, and procuring an order of sale.    The Act of 1861 undertook to change this remedy, by requiring the execution, when levied, to be registered, and thereby securing the lien but making no provision for en forcing this lien.    It was manifestly intended as an Act for the relief of debtors, by giving time on judg-

ments rendered against them. There was, therefore, no error in the holding of the Circuit Judge.

2. It is next said that the levy of the execution was void for vagueness and uncertainty in the description of the land. This cause was before the Court at its December Term, 1871, when it was held that the levy was sufficiently certain and definite. Upon the re-trial of the cause, the Circuit Judge instructed the jury in accordance with the holding of this Court, and the jury, upon the proof, were satisfied to find for Easly. This objection to the judgment is, therefore, not well taken.

3. It appears that the land was purchased at the Sheriff's sale by Stanfield, the judgment creditor, and that he afterwards assigned and conveyed his inchoate title so obtained, to Easly, to whom the Sheriff made the deed; but before the assignment of his bid by Stanfield to Easley, the judgment debtor sold and conveyed the land to McClain, who was holding under this conveyance when Stanfield assigned his interest to Easly. On these facts, it is insisted that the assignment by Stanfield to Easly was champertous and void. The Circuit Judge held differently, and this is assigned as error.

The provisions of the Statute against champertous sales of land, have no application to sales under execution. Code, §1779. The land was conveyed by Fowlkes, the judgment debtor, to McClain, after the levy on it, and before the sale under the *venditioni exponas.* Of course McClain took the land and held

it subject to Stanfield's lien.   He was so holding when Stanfield bought at the Sheriff's sale, and continued so to hold when Stanfield assigned his bill to Easly, and when the Sheriff made a deed to Easly. All these proceedings were necessary or proper steps in perfecting the lien fixed by the levy, and are in no wise affected by the Statute as to champerty.   McClain held all the time subject to Stanfield's lien, and when the sale took place, the title of the purchaser related back to the date of the levy, and overreached the title acquired by McClain.

We are of opinion there is no error in the record, and affirm the judgment.