GEORGE R. DEMPSTER, COMMISSIONER OF FINANCE AND TAXATION, COMPLAINANT, APPELLEE, *v.* ROY C. WALLACE, COMPTROLLER OF THE TREASURY, DEFENDANT, APPELLANT.

(*Knoxville,* September Term, 1932.)

Opinion filed October 22, 1932.

142

R. C. BOYCE and J. G. LACKEY, for complainant, appellee.

ROY H. BEELER, Assistant Attorney-General, and ALBERT WILLIAMS, for defendant, appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

August 16, 1932, the Comptroller notified the Commissioner of his purpose to assume control over the collection of gasoline taxes, and of the employees engaged in the administration of the gasoline tax laws; and demanded all papers, supplies, and equipment pertaining to the collection of gasoline taxes.

The original bill was filed by the Commissioner to enjoin interference from the Comptroller. By answer and cross-bill the Comptroller presented his insistence and alleges that authority was conferred upon his office to

collect the tax and to select the assistants and employees necessary to administer the gasoline taxing statutes. The prayer of the cross-bill was (1) that the court so construe the statutes as to vest the Comptroller with jurisdiction and authority to administer the gasoline tax laws and to collect the tax; and to authorize him to select and set up a proper administrative organization to efficiently enforce the laws free from interference by the Commissioner of Finance and Taxation.

(2) For an injunction to compel the Commissioner to surrender all books, papers, documents, supplies, and equipment in his possession or under his control or under the control of his subordinates pertaining to the administration of the gasoline tax.

 It is insisted on behalf of the Comptroller that since no duties were imposed upon him by Section 3, Article VIII, of the Constitution, that the office carries with it the jurisdiction and authority conferred by chapter 12, Acts of 1835, which created this office, and by statutes in existence when the Constitution was adopted; and that by force of these and the gasoline tax statutes he is authorized to collect the tax, and possesses the power to administer the statutes intended to produce revenue through the privilege tax imposed upon the sale and distribution of gasoline. Obsolete statutes that regulated the duties of the Comptroller prior to 1870 cannot be read into the Constitution, nor into the statutes subsequently enacted.

 The power and authority of these contending officials is dependent upon more recent enactments, and it becomes necessary for a determination of their controversy to refer to and review the gasoline taxing laws, which are chapter 58, Acts of 1923, and subsequent enactments.

The chancellor held that the statutes taken altogether clothed the Commissioner of Finance and Taxation with the duty of administering the gasoline tax laws to the extent of doing everything necessary toward ascertaining and fixing the amounts due by each taxpayer, receiving payment of the tax, and accounting to the Comptroller for the proceeds thereof, except that the Comptroller is burdened with the duty of issuing distress warrants and bringing suits against taxpayers when their failure to pay the tax is certified by the Commissioner; and that it was also the duty of the Comptroller to collect the amount when paid into the office of the Commissioner.

Chapter 58, Acts of 1923, was passed after the creation of the office of Commissioner of Finance and Taxation. In the so-called re-organization bill, which provided for the office of Commissioner of Finance and Taxation, the legislature transferred many duties to that newly created office, which before that were imposed upon the Comptroller or upon other State or county officials. Chapter 58, Acts of 1923, the amendatory Acts, and the provisions of the Code of 1932, together with chapter 6, Acts Second Extra Session of 1931, and chapter 14, Acts Second Extra Session of 1931, are before us. These statutes impose the tax and define the duties and powers of both the Comptroller and the Commissioner of Finance and Taxation. The Act of 1923 was brought into the Code, and we refer to the provisions embodying that Act.

By sections 1127 and 1128, distributors and dealers in gasoline are required to pay the tax to the Comptroller. And by section 1129 they are required to make reports in duplicate to the Comptroller, upon forms prescribed by the Commissioner of Finance and Taxation.

By section 1134, the Comptroller is required to file one of the statements referred to in section 1129 in his office and deliver the other to the Commissioner of Finance and Taxation, and by section 1135 the distributor or dealer, upon making the report required by section 1134, is to pay the Comptroller the tax due as shown by the report or statement filed.

Section 1141 makes it the duty of the Comptroller to collect all taxes arising under the statute and issue receipts. These sections contain all the provisions relating to the powers and duties of the Comptroller. The other provisions of the Act expressly authorize the Commissioner of Finance and Taxation to ascertain the tax by the methods indicated by the Code sections hereafter mentioned and by the subsequent statutes.

Every person desiring to engage in the business of dealer or distributor of gasoline is required by section 1144 to apply to the Commissioner of Finance and Taxation for a permit on forms prescribed by him and execute a bond payable to the State in such penalty as the Commissioner of Finance and Taxation may require, conditioned to secure payment of the tax to the Comptroller.

The Commissioner of Finance and Taxation is expressly authorized by sections 1137 and 1146 to revoke permits of delinquents and by section 1147 to provide blank forms appropriate and necessary for carrying out the provisions of the statute; and report delinquents to the Comptroller for proceedings authorized by provisions of the Act.

Section 2 of the Code of 1932 declares that in case of any conflict between Acts of this session (1931) of the General Assembly and this Code, the former shall be controlling, and this regardless of respective dates of passage or approval.

Chapter 6, Acts Second Extra Session of 1931, passed subsequent to the adoption of the Code, is not antagonistic to any of the Code provisions nor to any provision of the original Act, chapter 58, Acts of 1923. Nor does chapter 6 repeal expressly or by implication any provision of the Act of 1923 or of the Code. It is supplementary. It was intended to provide a more adequate means for enforcement of the gasoline tax statutes, and very certainly and specifically enumerates the measures through which the tax liability is to be ascertained under direction of the Commissioner of Finance and Taxation.

A reference to this statute discloses no power or authority conferred upon the Comptroller for administration of the gasoline taxing laws. On the contrary, all the powers and means through which the tax liability may be ascertained are conferred upon the Commissioner of Finance and Taxation, and the concluding section of that Act declares:

"That the administration of the provisions of this Act shall be conducted by the Department of Finance and Taxation, and said Department shall have the power to make all reasonable rules and regulations necessary to carry out the provisions of this Act, and in all matters connected with the administration of the provisions of this Act, requiring the exercise of judgment and discretion the judgment and opinion of the Commissioner of Finance and Taxation shall be final and conclusive, and there shall be no review thereof; except the constitutional right of redress in the Courts under existing or future laws."

The intention here expressed is emphasized by chapter 14, Acts Second Extra Session of 1931.

None of the Acts confer administrative power upon the Comptroller. Without some sort of administrative power conferred upon him by statute, he would be helpless in any attempt to enforce the statutes that impose the tax.

The legislature constituted the Commissioner of Finance and Taxation the State's agent to ascertain the tax liability and when ascertained in the manner indicated by the statutes referred to, the taxpayer was required to remit the tax to the Comptroller along with the monthly statement on the forms prescribed by the Commissioner. Nothing was left for the Comptroller to do but receive the tax ascertained through administrative measures executed by the Commissioner. This intention is clearly expressed by the statute and a strained construction to the contrary is not authorized. There is no antagonism between the original and amendatory Acts in respect to methods of administering the law nor as to payment of the tax.

The object of the statutes, as indicated by their language and context, was to empower the Commissioner of Finance and Taxation to ascertain the tax liability but nothing in the Acts indicate power in the Commissioner of Finance and Taxation to receive the revenues. The Comptroller is made the recipient of the tax. There is no provision of the statutes authorizing the Comptroller to administer the provisions designed to ascertain the tax liability of the dealer or distributer. The Commissioner is clothed with power to ascertain the tax to be paid the Comptroller. This intent runs throughout the original and amendatory Acts, and their provisions are free from antagonism.

We do not concur in the conclusion of the chancel-

lor that the Commissioner of Finance and Taxation, after exercising the power of ascertaining and fixing the amounts due from the dealers and distributers, is clothed with the additional power to receive the revenue. That power is not expressly given and cannot be implied.

It was the intention of the legislature expressly declared that the Comptroller, to the exclusion of the Commissioner, shall receive and receipt for the tax after the liability of distributers and dealers has been ascertained through the administrative methods which the Commissioner of Finance and Taxation is expressly authorized to adopt and pursue, to the exclusion of the Comptroller.

The decree of the chancellor will be accordingly modified and affirmed.