Hermitage Loan Company *v.* H. Daykin.

*(Nashville*, December Term, 1932.)

Opinion filed January 21, 1933.

W. C. Rodgers, for plaintiff in error.

L. H. Graves, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

In March, 1929, Daykin and wife executed a note for borrowed money to the Hermitage Loan Company, the

note containing a power of attorney to confess judgment against them if they should default in payment of the note. This power of attorney was enforceable in law at the time the note was executed. Shannon's Code (all editions), sections 4705-4707.

Judgment was confessed before a justice of the peace, pursuant to this power of attorney, in March, 1932, without service of process on Daykin and wife, and execution by garnishment on Daykin's employer was issued and served. Thereupon, on the petition of Daykin, the Circuit Court of Shelby County, having issued writs of *certiorari* and *supersedeas* to the justice of the peace, vacated the confessed judgment as rendered in violation of section 8848 of the Code of 1932, enacted in 1931 and effective on January 1, 1932.

Section 8848 of the Code of 1932 is as follows:

"Any power of attorney or authority to confess judgment which is given before an action is instituted and before the service of process in such action, is declared void; and any judgment based on such power of attorney or authority is likewise declared void. This section shall not affect any power of attorney or authority given after an action is instituted and after the service of process in such action."

It is contended for plaintiff in error, Hermitage Loan Company, that familiar constitutional limitations, restraining the state from impairing the obligations of a contract, prevent the application of this section of the Code to the note in suit, which was executed prior to the enactment of the Code. Constitution of Tennessee, article I, section 20; Constitution of the United States, article I, section 10.

A power of attorney to confess judgment upon

default, contained in a promissory note, is deemed irrevocable in law. *Clay* v. *Finance & Thrift Co.*, 160 Tenn., 390, 25 S. W. (2d), 578. This is on the theory that the power to confess judgment, so given and taken, is a part of the security contracted for.

 Conceding the general power of the legislature to alter the remedial law at will, it was held in *Townsend* v. *Townsend,* 7 Tenn. (Peck), 1, 13-14, that remedies "must not, so far as regards antecedent contracts, be rendered less efficacious or more dilatory than those ordained by the law in being when the contract was made, if such alteration be the direct and special object of the Legislature, apparent in an Act made for the purpose."

This language was quoted with approval in *Webster* v. *Rose* (1871), 53 Tenn. (6 Heisk.), 93, 102, and in *McClain* v. *Easly* (1874), 63 Tenn. (4 Baxt.), 520, 522. In *Webster* v. *Rose,* the Court stated the limitation on the power of the legislature thus: "but then in no case can it by direct enactment for that purpose, nor even by indirection, where such is the purpose, render the remedy essentially less effective for enforcement of the obligation to which the party has bound himself by his agreement."

 It is not reasonably debatable but that the power to confess judgment is a more speedy, and therefore more efficacious, remedy than the usual procedure open to creditors for the collection of their debts. This power, incorporated in the evidence of indebtedness at the time the debt was created, is a part of the security contracted for, which the debtor could not revoke. The cases cited require that we hold the state powerless to deprive the creditor of this security, by subsequently enacted legislation, since to do so would impair the obligation of the

contract which was legal and enforceable when made.

This is in accord with rulings made elsewhere. *Second Ward Sav. Bank* v. *Schranck,* 97 Wis., 250, 73 N. W., 31, 39 L. R. A., 569; *Johnson* v. *National Bank,* 320 Ill., 389, 151 N. E., 231, 44 A. L. R., 1306. And see also *Hair* v. *Ramsey,* 165 Tenn., 148 (Advance Sheets), 53 S. W. (2d), 381.

We hold only that section 8848 of the Code may not be given retrospective application to the contract in suit. If the debtor has just cause for complaint that usury has been exacted from him, as intimated on his brief in this court, he may still litigate the question by bill in equity, as indicated in *Clay* v. *Finance & Thrift Company, supra.*

The judgment of the circuit court is accordingly reversed, and the writs of *certiorari* and *supersedeas* discharged, at the cost of the petitioner, Daykin.