## NATIONAL LIFE & ACCIDENT INS. CO., INC., v. ATWOOD, No. 3.—194 S. W. (2d) 350.

Eastern Section. January 8, 1946.

Petition for Certiorari denied by Supreme Court, April 27, 1946.

142

Sizer Chambliss and Chambliss & Chambliss, all of Chattanooga, for appellant.

Berke & Fleming, of Chattanooga, for appellee.

McAMIS, J.   The National Life & Accident Insurance Co. filed this action in the Chancery Court to cancel a life insurance policy dated February 12, 1940 upon the life of Willie M. Atwood and to enjoin an action at law by the beneficiary, John B. Atwood.   Atwood filed an answer and cross-bill making the issue of fraud and concealment in procuring the policy.

The case was twice tried before a jury on the following issues:

"(1)  Did Mrs. Atwood tell the agent, Tyner, that she had been treated for syphilis, and had been in the hospital twice within the past eight months, preceding her application, once for influenza and once for bronchitis or bronchiectasie?

"(2)  Did Mrs. Atwood know at the time she signed her application for insurance with the agent, Tyner, that the application did not contain the proper, and truthful information as to her health?

"(3)  Did Mrs. Atwood knowingly make false representations, in answering the questions contained in her application for insurance policy contract involved in this cause, with actual intent to deceive the complainant National Life & Accident Insurance Co.?"

Both juries answered these issues in favor of the beneficiary, finding in effect that the insured made full disclosure of her condition of health to the agent and did not know that the agent incorrectly transcribed her answers to the questions in the application.

The Insurance Company filed a wayside bill of exceptions and a motion for a new trial following the first trial. The Chancellor, without stating upon what ground, granted the motion for a new trial and the Insurance Company, by appropriate assignment, now insists that the Chancellor erred in not decreeing in its favor at the

first trial "upon the whole proof" because, it is insisted, the undisputed evidence shows that the insured knew that the agent withheld from the Insurance Company knowledge of the fact that she had been afflicted with syphilis before the policy was issued.

■ ■ Appellee insists that we cannot review this action of the Chancellor because (1) the motion for a new trial following the first trial was neither incorporated in the bill of exceptions nor spread upon the minutes and (2) there was no exception preserved to the action of the court in sustaining the motion for a new trial.

The established rule is that everything which occurs during the progress of the trial which must be preserved by bill of exceptions must be made the basis of a motion for a new trial if complaint is to be made thereof on appeal. Bostick v. Thomas, 137 Tenn. 99, 191 S. W. 968. And, before the enactment of Chapter 20, Public Acts of Tennessee for 1945, it was well settled that a motion for a new trial must be either incorporated in the bill of exceptions or spread upon the minutes of the trial court. Chattanooga Iron & Coal Co. v. Hanssard, 143 Tenn. 553, 226 S. W. 1045.

Chapter 20, Public Acts of 1945, approved February 14, 1945, provides:

"Whenever such motion for a new trial shall appear to have been filed and acted upon in the lower court, such shall be and become a part of the record without the necessity of spreading the same on the minutes or incorporation in the bill of exceptions."

The motion for a new trial, filed November 21, 1944, following the first trial, was neither incorporated in the wayside bill of exceptions nor spread upon the minutes and the question is: Would the application of the 1945 Act to the present case deprive appellee of a vested

property right without due process of law or give to the Act an unauthorized retrospective force and effect?

The rule that a motion for a new trial must be spread upon the minutes or incorporated in the bill of exceptions is an exception to the general rule that pleadings and other parts of the technical record become a part of the record for purposes of appeal when they are properly filed by the clerk of the trial court. There seems no good reason why a motion for a new trial, any more than any other part of the technical record, should be authenticated by the trial judge and, now that the Legislature has spoken, the Courts should give the Act a liberal construction as a remedial statute and, if possible, construe it as applying to pending cases. To so construe it can work no injustice while to limit its application to cases tried after the Act was passed might do so.

Plainly, the Act, if applied, would not deprive appellee of a vested right. In the first place he had no final judgment or decree in his favor when the Act was passed because the Chancellor had not concurred in the verdict of the jury. But, if the verdict had been concurred in by the trial judge and a decree entered based upon the verdict, the appellant had a right to have it reviewed upon the technical record without a motion for a new trial. The Act, if applied, would only serve by a procedural change to enlarge the scope of review to include a review of the facts. The Act, therefore, takes away no right of appellee though its effect, if applied to a pending case, is to enlarge a right of appellant.

The Legislature is free to effect changes which relate exclusively to the mode of procedure or substitute new remedies for old and there is no vested right to a particular remedy. Lunati v. Progressive Bldg. & Loan

Ass'n, 167 Tenn. 161, 67 S. W. (2d) 148; 11 Am. Jur. 1185; 16 C. J. S., Constitutional Law, sec. 260, p. 680. A statute which furnishes a new remedy but does not impair any contractual obligation or disturb a vested right is applicable to proceedings begun before its passage. Indeed, it is said statutes dealing with matters of procedure only, prima facie, apply to pending actions and will be so construed unless a contrary purpose appears from the terms of the act. 50 Am. Jur. 506.

■ As applied to procedural changes governing the right of appeal the rule is that, where due provision has been made for the preservation of essential rights, the procedure for review or the extent of review are so far within the power of the legislature as to preclude the raising of questions of due process with respect to the method or procedure for review, the parties entitled to review, or the character of review in the appellate court. 16 C. J. S., Constitutional Law, section 626, p. 1278.

A parallel case was before the Supreme Court of Virginia in Kennedy Coal Corp. v. Buckhorn Coal Corp., 140 Va. 37, 124 S. E. 482. There a new act of the legislature gave the right of appeal in certain cases in which the right was barred under existing law. The act extending the right of appeal was sustained as against the contention that it deprived the appellee of a vested right. See also Bates v. Ransome-Crummey Co., 42 Cal. App. 699, 184 p. 39.

The Middle Section of this Court, in Brinkerhoff v. Nashville Horse & Mule Co., Davidson Law,[1] applied the foregoing principles to the Act under consideration and held it controlling in a case tried before the Act was passed. In an opinion by Judge Hickerson it was said:

---

[1] Not designated for publication.

"Since this new statute is a remedial statute relating to procedure, it is our opinion that it applies to the **present** suit." We think this conclusion is sound and hold the Act applicable to the instant case.

No authority is cited to sustain appellee's contention that we cannot review the action of the Chancellor in refusing to take the case from the jury and decree in appellant's favor because no exceptions were preserved to the action of the court in granting appellant a new trial and we do not think it should be repelled on that ground alone. As noted a wayside bill of exceptions was preserved after the court declined to take the case from the jury. This was sufficient to show appellant's dissatisfaction with the Court's action and indicate an intention to seek a review of the action as it has now done by prosecuting this appeal. We, therefore, proceed to review the evidence at the first trial to determine the propriety of the Chancellor's action in refusing to take the case from the jury.

Appellee testified that he was present when the policy was written and that when the insured told the agent that she had taken shots for syphilis the agent replied: "Well, we won't say anything about this, because it might make you have to be examined by a doctor. I won't say anything about that." This evidence was undisputed and unexplained and, since the application represents that insured had never had syhpilis, the record fairly establishes that this fact was suppressed and never communicated to the appellant.

The medical proof shows without substantial dispute that when the policy was issued insured was suffering from a number of diseases including cancer and syphilis, the latter having existed for at least four years, and that she was not in sound health.

In the absence of fraud the insured has a **right**

to assume that the agent will impart to his principal information which if insisted upon would invalidate the contract from its inception. Such knowledge constitutes a waiver of conditions inconsistent with such facts and the insurer is estopped thereafter from asserting the breach of such conditions. Life. & Casualty Ins. Co. v. King, 137 Tenn. 685, 195 S. W. 585.

The contrary is held where an applicant for insurance knows or has good reason to believe that the agent is not copying the true answers to the questions on the application. De Ford v. National Life & Accident Ins. Co., 182 Tenn. 255, 185 S. W. (2d) 617; Scott v. National Life & Accident Ins. Co., 16 Tenn. App. 31, 64 S. W. (2d) 53; Robbins v. New York Life Ins. Co., 18 Tenn. App. 70, 72 S. W. (2d) 788.

In this case the insured had no right to rely upon the presumption that the agent would report to his principal the impaired condition of her health because the agent stated in unequivocal terms that he would refrain from doing so. We think the case falls squarely within the holding of the cases cited and that appellant is entitled to a cancellation of the policy because of the misrepresentations contained in the application, it appearing that insured knew she had syphilis and intentionally permitted a misrepresentation of her condition of health in the application.

It is insisted that there was no intentional fraud because insured had a policy in another company which was incontestable and which the agent induced her to drop. The other policy was issued less than two years before the issuance of the policy in appellant Company and was, therefore, not incontestable. Code, Section 6179.

The decree will be reversed and a decree rendered cancelling the policy and taxing costs to appellee.

Burnett and Hale, JJ., concur.