SMITH *v.* TENNESSEE COACH CO.

(*Nashville,* December Term, 1945.)

Opinion filed May 4, 1946.

GEORGE S. BUCKNER, of Murfreesboro, for plaintiff.

MANIER & CROUCH, of Nashville, and C. L. CUMMINGS, of Murfreesboro, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was brought by the plaintiff, Polly Smith, to recover damages for personal injuries sustained when she was struck by a bus being operated by the defendant, Tennessee Coach Company, over its regular route at a street intersection in Murfreesboro.

The defendant, Tennessee Coach Company, filed a plea in abatement setting out that service of process on Mike Early was defective as he was not an agent or clerk of defendant within the meaning of Section 8669 of Williams' Code. The plea in abatement was sustained and the suit dismissed. The judgment of the circuit court was reversed by the Court of Appeals, and the case is here on *certiorari* with only one question presented: Did defendant maintain an office or agency in Rutherford County at the time process was served on Mike Early within the meaning of Code Section 8669?

The defendant is a Tennessee corporation with its main office at Knoxville. It is a common carrier of passengers for hire and operates busses between Knoxville and Nashville along a route which passes through the town of Murfreesboro in Rutherford County.

The Southeastern Greyhound Lines operates a similar line over the same route from Nashville to Knoxville. The Greyhound Lines is a corporation domesticated in Tennessee with an office at Nashville. These two companies have an agreement by which the Greyhound Lines furnishes bus stations and all facilities and employees connected therewith, including agents, porters and clerks, from Nashville to Sparta; and defendant furnishes similar equipment and employees from Sparta to Knoxville. From Nashville to Sparta the tickets are issued on forms of the Greyhound Lines. From Sparta to Knoxville the tickets are issued on forms of the Tennessee Coach Company. These tickets are honored on all busses. Each company receives the same service along the route and makes complete use of the bus stations and their facilities and employees from Nashville to Knoxville. This service includes the station sheds and parking spaces, the sitting rooms, rest rooms, porters who handle baggage and express, ticket agents, and such other facilities and service as the station affords. Between the two companies they make eleven round trips between Nashville and Knoxville daily. Passengers all along the entire route may ride on any bus of either company. Prospective passengers are required to buy tickets at the various bus stations which are good on all busses.

Sparta is about midway between Nashville and Knoxville, so the cost to the Greyhound Lines for maintaining the Nashville end of the route is about equal to the ex-

pense of the defendant for maintaining the Knoxville end.

At stated intervals the companies have an accounting and each company is paid for the passengers, excess baggage and express which it has carried. The employees at the bus stations from Nashville to Sparta are hired and paid by the Greyhound Lines, and the employees at the bus stations from Sparta to Knoxville are hired and paid by the defendant.

Section 8669 of Williams' Code reads as follows: "When a corporation, business trust, or any person has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with, said principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

It is conceded that Mike Early was a clerk in the bus station at Murfreesboro at the time process was served on him.

The defendant relies on the case of *Johnson Freight Lines, Inc.*, v. *Davis*, 170 Tenn. 177, 93 S. W. (2d) 637, 638, and the unreported case of *Stephens* v. *Cherokee Motor Coach Company* decided by the Court of Appeals on June 21, 1941.

In the *Johnson Freight Lines Case*, Davis operated a truck line as an individual. He resided in Winchester. His truck line was operated between Nashville and Winchester and between Winchester and Chattanooga. The suit against him was brought in Chattanooga and process was served in Hamilton County upon "R. C. Moffitt,

Mgr. of the Joe Davis Truck Line," who was a resident of Hamilton County. This Court found that Davis "had no place of business in Hamilton county, beyond renting platform space at a truck terminal," said "Moffitt's only employment by defendant was that of a part-time solicitor of freight," and held the service of process insufficient.

In the unreported *Stephens Case,* the defendant was sued and process was served on Jack Cook in Bedford County. Cook did not work for the defendant. He worked in an office which was maintained by the Lewisburg Bus Lines. The only connection between the two companies was that the Lewisburg Bus Lines, at its Shelbyville office, sold tickets for the Cherokee Company for a commission on the sales. Under these facts it was held that the defendant did not have an office or agency in Bedford County.

▮ The statute under consideration is a remedial one and should be liberally construed.

▮ Passenger bus lines hold certificates of convenience and necessity issued by the Railroad and Public Utilities Commission. Such a certificate entitles the holder to use the roads and streets set out therein as a public carrier for hire. The process statute should be liberally construed as to an injured person. The clerk, Mike Early, was performing duties for both companies, and we think came within the provisions of the Code Section as to the service of process.

▮ The test as to the existence of agency in its technical sense is stated in 21 R. C. L., 819, in the following language: "Whether an agency has been created is to be determined by the relations of the parties as they in fact exist under their agreements or acts. If relations exist

which will constitute an agency, it will be an agency, whether the parties understood it to be or not.''

Also, see 2 Am. Jur., Agency, sec. 24.

In the case of *Hillary* v. *Great Northern Railway Co.*, 64 Minn. 361, 67 N. W. 80, 32 L. R. A. 448, 449, it appeared that service was had upon a ticket agent of the Union Railway in a suit against the Great Northern Railway Company The Supreme Court held that the ticket agent was ''an acting ticket agent'' of the Great Northern Railway Company and said: ''The contention of defendant is that the word 'agent' means 'an agent in the eye of the law arising from a contract of employment; one responsible to his principal, and subject to be discharged by it,'—and that within this definition the 'ticket agent' at this depot is not its agent, but the agent of the Union Railway Company. We do not concur in this view. While the ticket agent is hired by, and under the control of, the Union Railway Company, yet he is performing all the duties of a ticket agent of the defendant, and the defendant is availing itself of his services for that purpose. The word 'acting' must have been used in the statute for a purpose, and it seems to us that the essential thing, under the statute, is not the existence of a contract of service, but the actual performance of the duties of ticket agent for the railroad company.'' Also, see *Huckabee* v. *Pullman Co.*, (D. C.), 8 F. (2d) 43.

Writ denied.