STATE *v.* BONE *et al.*

CITY OF KNOXVILLE *v.* AMBRISTER *et al.*

(*Knoxville*, September Term, 1946.)

Opinion filed June 26, 1947.

Norman B. Morrell, of Knoxville, for property owners.

Harold Wimberly, of Knoxville, for City of Knoxville.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal is by the City of Knoxville from a decree in the Chancery Court of Knox County, by which certain bills for the collection of city realty taxes for the years 1933 and 1934 were dismissed. It appears from a stipulation that our decision in the instant cases will control other bills for taxes for 1933 and 1934, upon which decrees of dismissal were entered by the Chancellor.

For the purpose of presenting the appeal the record has been abridged and we can determine the steps taken in the litigation only by recitals in the final decree of dismissal. From that decree, it appears that the city, between December 4, 1936, and October 11, 1938, filed four bills against taxpayers for the collection of city taxes delinquent for the years 1933 and 1934. We infer that these tax suits were not prosecuted to judgment until on October 4, 1946, Elizabeth H. Galbraith moved to dismiss the suits as to lots 1-A, 1-B, 1-C, Block "W",

Park View Avenue, 14th Ward, City of Knoxville, for laches and failure to prosecute on the part of the state, county and city. After hearing argument on the motion, the Chancellor, under the authority vested in him by Chapter 71, Public Acts 1937, Williams' Code 1591.1, sustained the motion and dismissed the tax suits filed against the above property, both for city taxes and taxes due the state and county.

The city alone perfected appeal and by assignments of error insists that the action of the Chancellor was erroneous, because the motion to dismiss made no showing of injury or prejudice to support the application of the doctrine of laches.

The motion to dismiss is not a part of the transcript and from briefs of counsel we infer that it was orally made. The decree of dismissal states simply that the causes came on to be heard "upon the records at large and more especially upon the motion of Elizabeth H. Galbraith to dismiss said suits." The decree then states that the motion is made under the provision of Chapter 71, Public Acts of 1937, for the reason that said suits have not been reduced to judgment and for the want of prosecution. The Chancellor, in the decree, then found as a fact that the city had filed four suits as stated between December 4, 1936, and October 11, 1938, for the collection of taxes for 1933 and 1934; that by section 80 of the charter of the City of Knoxville, its taxes were due each year in quarterly installments on the first days of April, July and October, and the 31st day of December, and that each installment was delinquent 30 days after it was due; and that the city unreasonably delayed the filing of its tax suits to the prejudice of the State of Tennessee and Knox County. In the decree the Chancellor then dismissed the state and county suits under the provi-

sions of Chapter 71, Public Acts of 1937, and sustained the motion and dismissed the suits of the city for unreasonable delay, and to preserve "the parity of delinquent tax claims as between the State and County on the one hand and City of Knoxville on the other." From this decree of dismissal, as stated, the City of Knoxville alone has prosecuted an appeal.

██ Code sec. 1591.1, under which the dismissal was made, provides that such tax suits be dismissable "in the discretion of the Chancellor for laches or for failure to prosecute." The decree does not show whether the Chancellor exercised his discretion for laches, "for failure to prosecute," or on both of these grounds. On this record, which, as stated, contains the decree only, without the motion, we are forced to presume conclusively that if the motion was based on laches, that the essential elements of that doctrine were presented to the movant (Gibson's Suits in Chy., 1937 Ed., sec. 446), and if the dismissal was for "failure to prosecute," no motion was necessary and the Chancellor might have exercised the discretion vested in him by the Legislature and dismissed the suits *sua sponte*. Gibson's Suits in Chy., 1937 Ed., sec. 535; *State ex rel. Revenue agent Patterson*, 155 Tenn. 169, 290 S. W. 973.

Such action would have been in keeping with the purpose of the Legislature in the passage of Chapter 71, Public Acts of 1937, Code secs. 1591 and 1591.1, as that purpose has been defined by this Court. *State et al.* v. *Allred et al.*, 177 Tenn. 61, 146 S. W. (2d) 138.

██ As to the second insistence of the city that the application of the Act of 1937 to suits pending at the time of the legislative enactment was to construe the Act retrospectively in violation of Art. 1, sec. 20 of the Constitution. It is to be borne in mind this contention is

made by taxing authority which, under the Act, sec. 1591.1, might have exempted itself by appropriate ordinance from its provisions. *State et al* v. *Allred et al.*, *supra*. Clearly, the Act changed only the remedies given for the collection of delinquent taxes and of the legislative authority in this regard, this Court has said: "Remedies by which delinquent taxes are to be collected are under the control of the Legislature. It may modify an existing remedy, or may abolish such remedy altogether and substitute therefor a new one, or may add a cumulative remedy for the enforcement of the right of the state in such matters." *Sherrill* v. *Thomason*, 145 Tenn. 499, 520, 238 S. W. 876, 882.

The foregoing statement was last approved in *City of Knoxville* v. *Hessler*, 179 Tenn. 326, 330, 165 S. W. (2d) 592. From our decision in the case of *Sherrill* v. *Thomason, supra*, and the many authorities there cited, it is clear that the Chancellor in applying the Act of 1937 to suit then pending, violated no constitutional provision.

For the reasons stated and under the authorities cited, all assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.