Dowlen *v.* Fitch *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.
Rehearing denied April 20, 1954.

B. J. Boyd, of Ashland City, for plaintiff in error.

H. Francis Stewart and Watkins & McGugin, all of Nashville, for defendants in error.

Mr. Special Justice Weldon B. White delivered the opinion of the Court.

The plaintiff in error, Theodore Dowlen, brought an action in damages founded in tort against the defendants in error, Barbara Jeanne Fitch and C. A. Fitch, in the Circuit Court sitting in Cheatham County, Tennessee.

Dowlen was injured while riding in a truck when it collided with a Studebaker automobile owned by the defendant, C. A. Fitch, and driven at the time by his daughter Barbara Jeanne Fitch, which collision occurred May 19, 1952 in Cheatham County, Tennessee.

The plaintiff in error is a resident of Cheatham County, Tennessee, and the defendants in error are residents of Hamilton County, Tennessee.

A summons in this case was issued by the Clerk of the Circuit Court for Cheatham County, Tennessee, on April 21, 1953, and was directed to the Sheriff of Hamilton County, Tennessee, who served it, through his deputy, on the defendants in error on May 4, 1953. On May 18, 1953 the plaintiff in error filed his declaration, and on May 23, 1953 the defendants in error filed their plea in abatement "for the sole purpose of challenging the process in the case". In this plea in abatement they set out that they were not and had never been residents of Cheatham County, Tennessee, and that at the time of the service of process on them they were residents of Hamilton County, and that the action was transitory and followed the defendants.

The plaintiff in error filed his replication in which he admitted all of the facts alleged in the plea in abatement.

He contended, however, that under Chapter 34 of the Public Acts of 1953 he had the right to commence and maintain his action in Cheatham County against these defendants in error. He admits that Chapter 34 was passed on March 10, 1953 and approved by the Governor on March 23, 1953. The plaintiff in error contends in his replication that said Chapter 34 relates to the remedy only and does not effect any substantive rights of the defendants, the act only enlarging or increasing the plaintiff's in error choice as to venue.

The trial judge filed a most learned and exhaustive opinion evidencing that he had seriously considered the question raised and concluded that the plea in abatement should be sustained. An order was entered sustaining said plea in abatement, and it is from this holding of the Court that the plaintiff in error has appealed.

Sections 1 and 6 of Chapter 34 of the Public Acts of 1953 provide as follows:

"That in all tort actions, including actions for death by wrongful act, where the plaintiff and defendant, including personal representatives, are both residents of this state but reside in different counties in addition to the venue already available at law, the action may be brought in the county in which the cause of action arose, and process may be sent to another county as in local actions."

"That this Act take effect from and after its passage, the public welfare requiring it."

It will be observed that the substantive right of the plaintiff in error to bring this action accrued on the 19 day of May 1952. About ten months later, that is on March 10, 1953, the plaintiff in error filed his action to set in operation the procedural machinery to enforce this

substantive right. The plaintiff in error therefore sought to harvest the fruit of Section 1 of Chapter 34 of the Public Acts of 1953 aforesaid by commencing his action in the county where the cause of action arose.

It is contended by the defendants in error that since the act itself does not purposely show an intention of the Legislature to make it applicable to existing substantive rights that the plaintiff in error cannot avail himself of the benefits of said act. The splendid brief filed on behalf of the defendants in error states: "Generally speaking, an act or statute cannot have a retrospective operation, and it is a rule of statutory construction that all statutes are to be construed as having only a prospective operation, unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or necessarily implied from the language used; and doubt must be resolved against the retrospective effect."

Many Tennessee cases are cited in support of this statement. Support for this general statement is also found in 36 Cyc. 1204, 1205. Lewis' Sutherland on Statutory Construction, at Section 642, is to the same effect.

We reaffirm the rule of statutory construction to be as stated by Mr. Justice GREEN in the case of *Jackson* v. *Loyal, Additional Ben. Ass'n*, 140 Tenn. 495, 503, 205 S. W. 318 as follows: "An act of the Legislature is construed so as to give it prospective and not retroactive force unless the latter purpose is plainly expressed or necessarily implied."

By Section 1 of Chapter 34 aforesaid, the Legislature enlarged or increased the remedy accorded to plaintiffs in tort actions by providing: "* * * in addition to the venue already available at law, the action may be brought in the county in which the cause of action arose, and process may be sent to another county as in local ac-

tions.'' Therefore, under the present law such tort actions may be brought in the county where the cause of action arose or the plaintiff may sue the defendant where he is found.

The cases which hold that a person has no vested right in any particular remedy are abundant. In Section 357 under the general subject of constitutional law found in 11 American Jurisprudence, at page 1185, it is provided:

"A, person has no vested right in any particular remedy and cannot insist on the application to the trial of his case whether civil or criminal of any other than the existing rules of procedure. Statutes making changes in the remedy or procedure are always within the discretion of the law-making power and are valid so long as they do not deprive the accused of any substantive right * * *. A state may abolish an old remedy and substitute new or may abolish without substitution if a reasonable remedy remains, but it cannot deny a remedy entirely''.

Under the general classification of statutes, found in 50 American Jurisprudence at Section 482, it is provided:

"* * * remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded

as applicable to all cases then pending. A fortiori, a statute or amendment which furnishes a new remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto. Sometimes, the rule is stated in the form that, when a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions."

The passage of a legislative act having retroactive operation so as to impair the obligation of a contract or disturb vested rights where there is no clear or implied right to do so is an entirely different matter.

The question in this case is whether or not the defendants had a vested or substantive right in the remedy provided by Section 8640 of the Code of Tennessee in effect at the time the subject cause of action arose.

In the case of *Wynne's Lessee* v. *Wynne*, decided in December 1852, 32 Tenn. 405, the Court said:

"A retrospective statute, affecting or changing vested rights, is generally considered in this country as founded on unconstitutional principles, and consequently inoperative and void. But this doctrine is not understood to apply to remedial statutes which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing, and in furtherance of the remedy by curing defects and adding to the means of enforcing existing obligations."

The case of *Collins* v. *East Tennessee, V. & G. Railroad*, 56 Tenn. 841, was an action in damages brought by a widow for the death of her husband. Her husband lost his

life on the second day of October 1871, at which time the law provided that the action for such death could be prosecuted by the personal representative of the deceased only. Two months and twelve days after the death of the said husband and on the fourteenth day of December 1871 an act was passed by the Legislature of Tennessee and approved by the Governor, being Chapter 78 of the Public Acts of 1871, the pertinent portion of said act being as follows:

"Be it enacted that Section 2292 be so amended as to allow the widow, or if there be no widow, the children to prosecute suit, and that this remedy is provided in addition to that now allowed by law in the class of cases provided for by Section 2291 of the Code, which this Act is intended to amend."

The Court, in holding that the widow had the right to maintain this action, stated:

"The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existence— or may abolish old and substitute new remedies. It may modify an existing remedy—or remove an impediment in the way of judicial proceedings. Thus it is said by this Court that retrospective laws may be made when they do not impair the obligation of contracts, or divest or impair vested rights; such as, laws providing new and additional remedies for a just right already in being, laws modifying or changing remedies, and all other strictly remedial laws; and there are many other laws that are retrospective according to the letter, yet not prohibited by the Bill of Rights."

The case of *Cavender* v. *Hewitt*, 145 Tenn. 471, 239 S. W. 767, 22 A. L. R. 755 was one in which the com-

plainant sought to reach the wages of a Nashville City Policeman through garnishment proceedings to satisfy a judgment rendered against such policeman prior to the passage of the act authorizing the garnishment of wages due county and municipal employees. In passing upon this act the Court held that it was "applicable to judgments rendered prior to the enactment of such statute, notwithstanding Const. art. 1, Sec. 20, relating to the passage of retrospective laws, since such statute does not deal with any right existing in such county or city employee or officer, but merely deals with a matter of remedy for the enforcement of the right of the judgment creditor by process of garnishment against a county or municipal officer or employee."

In the case of *Sherrill* v. *Thomason,* 145 Tenn. 499, 238 S. W. 876 the Court held:

"The Delinquent Tax Law is not retrospective within Const. art. 1, Sec. 20, as it merely gives an additional remedy for the collection of delinquent taxes due at the time of its passage.

"Remedies by which delinquent taxes are to be collected are under the control of the Legislature, and it may modify an existing remedy, or may abolish such remedy altogether and substitute therefor a new one, or may add a cumulative remedy for the enforcement of the right of the state in such matters."

The case of *Hermitage Loan Co.* v. *Daykin,* 165 Tenn. 503, 56 S. W. (2d) 164 approved and reaffirmed *Townsend* v. *Townsend,* 7 Tenn. 1; *Webster* v. *Rose,* 53 Tenn. 93; *McClain* v. *Easly,* 63 Tenn. 520 to the effect that the Legislature has the power to alter the remedial law at will. However, as hereinabove stated, it may not take away vested rights.

The application of Chapter 71, Public Acts of 1937 relating to tax suits, to suits pending at the time of its enactment was held not to violate provisions against retrospective legislation since the act only changed remedies given for collection of delinquent taxes, in the case of *State* v. *Bone*, 185 Tenn. 78, 79, 203 S. W. (2d) 362. In this case Mr. Justice GAILOR quoted with approval from the case of *Sherrill* v. *Thomason*, supra.

In the case of *Lunati* v. *Progressive Building & Loan Ass'n*, 167 Tenn. 161, 67 S. W. (2d) 148, the Court said:

"Constitutional provisions that no man shall be deprived of his property but by the law of the land, and that no law impairing obligations of contracts shall be made, do not guarantee to one a particular or peculiar remedy for enforcement of his rights under contract. (Const. art. 1, Secs. 8, 20.)"

By Chapter 20 of the Public Acts of 1945 it was provided that whenever a motion for a new trial shall appear to have been filed and acted upon in the lower court such shall be and become a part of the record without the necessity of spreading the same on the Minutes or incorporation in the bill of exceptions. In the case of *National Life & Accident Insurance Co.* v. *Atwood*, 29 Tenn. App. 141, 194 S. W. (2d) 350, 353, the motion for a new trial filed some ninety days prior to enactment of said Chapter 20 was neither incorporated in the bill of exceptions nor spread upon the Minutes. The Court applied the new act to the pending case, and stated: "* * * it is said statutes dealing with matters of procedure only, prima facie, apply to pending actions and will be so construed unless a contrary purpose appears from the terms of the act." 50 American Jurisprudence 506.

In the case of *Smith* v. *Tennessee Coach Co.*, 183 Tenn. 676, 194 S. W. (2d) 867, Mr. Justice Prewitt in constru-

ing a remedial statute stated that since it was remedial it should be liberally construed.

Therefore, we conclude that the remedy afforded by Chapter 34 of the Public Acts of 1953 applies to causes of actions which were in esse at the time of the effective date of this act. It results, therefore, that the assignments of error are sustained and the action of the trial judge in sustaining the plea in abatement and dismissing the plaintiffs' suits is reversed, and this case is remanded for further procedure not inconsistent with this opinion.

The defendants in error are taxed with the costs of this appeal.

On Petition to Rehear

Weldon B. White, Special Justice.

A petition to rehear has been filed by the defendants in error, complaining that the Court erred in holding that Chapter 34 of the Public Acts of 1953 was applicable to causes of action ''which were in esse at the time of the effective date of this act''. It is stated there is nothing in the act ''either plainly expressed or necessarily implied'' which gives to the Court the power to hold that said act applies to substantive causes of action in existence at the time of the passage of the act.

In the case of *Collins* v. *East Tennessee, V. & G. Railroad Co.*, 56 Tenn. 841, a parallel situation occurred. This case was fully discussed in the original opinion.

The effective date of the act referred to in that case was December 11, 1871, from and after its passage. The Court construed said act as conferring upon a widow the right to bring a suit for wrongful death of her husband. Said husband had lost his life two months and twelve days prior to the passage of said act. Upon his death the

law provided that the action for his death could be prosecuted by the personal representative of the deceased only. Out of deference to the earnest petition to rehear, the language of the Court in holding that the widow had the right to maintain an action is quoted again:

"The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existence—or may abolish old and substitute new remedies. It may modify an existing remedy—or remove an impediment in the way of judicial proceedings. Thus it is said by this Court that retrospective laws may be made when they do not impair the obligation of contracts, or divest or impair vested rights; such as, laws providing new and additional remedies for a just right already in being, laws modifying or changing remedies, and all other strictly remedial laws; and there are many other laws that are retrospective according to the letter, yet not prohibited by the Bill of Rights."

We set out in the original opinion that a person has no vested right in any particular remedy. We held then, and we reaffirm, that the defendants had no vested right in the remedy provided by Section 8640 of the Code of Tennessee. By the passage of Chapter 34 of the Public Acts of 1953 the Legislature merely conferred an additional remedy by providing "the action may be brought in the county in which the cause of action arose, and process may be sent to another county as in local actions."

Certainly, this act of the Legislature did not have the effect of repealing Section 8640, supra. Its sole purpose and effect was to enlarge the remedy, and it is therefore prospective in that from the date of the

218

enactment thereof persons having tort actions at that time or in the future could bring such actions in the county in which the cause of action arose.

The petition complains that the holding of the Court will result in a hardship upon numerous defendants who have been involved in automobile accidents in Tennessee occurring prior to the passage of said act. With this reasoning we do not agree. The application of the act to causes of action pending at the time of its passage will work no greater hardship than the application of the act to causes of action arising after the passage of the act. It is stated in the petition that the Legislature realized the wisdom and perhaps the vital necessity of adding this additional venue. If it is wise and vital to apply it to future causes of action, then it is equally wise and vital to apply the act to existing causes of action. If the Legislature had not intended that this act apply to existing causes of action it could have said so.

Therefore, let the petition to rehear be denied.