ARTHUR BRANDON, JR., *et al.*, RESPONDENTS. *v.* J. C. WARMATH *et al.*, PETITIONER.

(*Jackson*, April Term, 1954)

Opinion filed March 11, 1955.

Rehearing denied April 7, 1955.

Adams & Adams, of Humboldt, for petitioners.

Waldrop, Hall & Winningham and James D. Senter, Jr., all of Jackson, for respondents.

Mr. Justice Tomlinson delivered the opinion of the Court.

Amco Feed Stores, Inc. is a foreign corporation which became domesticated by complying with the provisions of Chapter 13, Extra-Session of the Act of 1929 as modified by the 1932 Code wherein it is carried at sections 4118-4129. In accordance with the provisions of that Act Amco designated a named individual in Knox County as its agent for the service of process upon it. It also maintained an office, and had an agent, in Madison County.

The motor truck of this foreign corporation, so domesticated, was involved in a traffic accident on a public street or highway in Gibson County. Warmath, a resident of that county was allegedly injured thereby. He instituted this tort action in the law Court of Gibson County against this corporation by summons directed to the sheriff of Knox County where it was served on the corporation's aforesaid designated agent.

Amco filed its plea in abatement whereby it insisted that Gibson County was not a county of venue for the filing of this suit, and service of process "had not been properly made" on Amco. As stated therein, this plea was founded on the fact that Amco did maintain an office, and had an agent, in Madison County, but none in Gibson County.

▉ Plaintiff Warmath insisted that Gibson County was a proper county of venue because this 1929 Act provided that in case of a foreign corporation which had domesticated under that Act a venue for suits in transitory actions against it may be the county where the cause of action arose, Code Section 4126. Amco replied that the last sentence of 4126 excepted from the provisions of the 1929 Act those foreign corporations which were main-

taining an office and agent in the State. Warmath's rejoinder is that these exceptions apply only to the kind or class of corporations mentioned in Code Section 4125.

The Circuit Judge overruled Amco's plea in abatement and proceeded to trial with the result that the jury returned a substantial verdict for Warmath. The Court of Appeals sustained the plea in abatement, reversed and dismissed the suit. This Court granted certiorari.

Code Section 4125 reads as follows:

"4125. Exceptions.—The provisions of this statute relating to the appointment of an agent upon whom process may be served, the filing of such designation with the secretary of state, or, in lieu thereof, providing for service of process upon the secretary of state, shall not apply to foreign corporations otherwise maintaining an office or agent in the state, such as railway, hydro-electric light or power, telegraph and telephone companies."

This section is not dealing with venue. Its only provision is to except corporations falling within the class of railways, etc. mentioned therein from the requirement of appointing an agent upon whom process may be served, etc. Since Amco does not fall within that class of corporations, it is not excepted from the requirement of appointing some one in this state "as its agent for the service of process upon it in *all* actions or suits brought against it in the courts of this state". Code Section 4120. (Emphasis added.)

The section of the Act dealing with venue is carried in the Code at Section 4126. That section reads as follows:

"4126. Venue.—The venue of all actions, suits or proceedings in case of service of process upon such designated agent, or, in lieu, upon the secretary of

state, may be in the county in which the cause of action arose or accrued; or, in the county where the one to be served resides and the process is so served, except where the action is local in nature. In event of service on the secretary of state, he shall pursue the method prescribed by section 4124, et seq. *In actions, suits or proceedings against foreign corporations otherwise maintaining an office or agent in the state venue shall be as this Code provides.''* (Emphasis supplied.)

Since Amco maintained an office and agent in Madison County a venue of the cause of action is not fixed by Code Section 4126, supra, in the county where the cause of action arose (Gibson County), but is fixed "as this Code provides.'' The Code did not provide that the mere arising of the cause of action in a given county would give the courts of that county venue for the maintenance of a suit thereon against a foreign corporation having an office and agent in another county. It follows that Gibson county was not a county of venue in this case at the time the suit was instituted.

Code Section 8644 provides that if an action of this character "be brought in the wrong county, it may be prosecuted to a termination, unless abated by plea of the defendant''. It follows, therefore, that at the time Amco's plea in abatement with reference to the venue was filed this suit was lawfully pending in the law court of Gibson County with jurisdiction of that court over the person of Amco and over the subject matter of the suit.

Thirty days before Amco filed its aforesaid plea in abatement to the venue our General Assembly enacted Chapter 34 of the Public Acts of 1953. It is provided by that Chapter that in actions of this character against a

foreign corporation of the character of Amco a county of venue may be the county "in which the cause of action arose, and process may be sent to another county as in local actions." In short, this statute created an additional county of venue in a case of this character. It is the contention of Warmath that it applies to this pending action: therefore, in any event, that the Court of Appeals was in error in sustaining Amco's plea in abatement to the venue.

■ ■ This 1953 statute was held by this Court to be solely remedial in the case of *Dowlen* v. *Fitch,* 196 Tenn. 206, 264 S. W. (2d) 824, 828, decided in February, 1953. The decision was rested upon the fact that the only purpose and effect of this statute is to provide an additional county, that is, an additional venue, in which a plaintiff injured by a transitory tort may seek redress for the injuries received. Thus, that Chapter 34 does no more than to provide an additional remedy for the redress of a wrong inflicted by reason of a tort transitory in nature.

In *Dowlen* v. *Fitch,* supra, this 1953 statute was invoked by the plaintiff as authority for bringing suit in a transitory tort action in the county where the accident occurred, though the defendant resided in a different county. The defendant insisted that this statute did not apply because the tort had occurred several months prior to the enactment of that statute. In rejecting that insistence this Court cited, and quoted from, numerous cases holding that statutes solely remedial were retroactive and applied "to causes of actions which were in esse at the time of the effective date of" the Act. It referred to cases showing that one reason for this rule is that the State, having complete control over the remedies of its citizens in courts, may provide " 'new and additional remedies for a just right already in being' ".

In the case at bar Warmath's cause of action was not only "in esse" at the time of the enactment of the 1953 statute, as in *Dowlen* v. *Fitch,* supra, but, in addition thereto, Warmath had already instituted his suit when that statute became law. No further steps, however, had been taken in the suit. Clearly, therefore, the determinative question here is whether a statute solely remedial in nature should be applied to an action pending at the time the statute was enacted. Amco insists that the 1953 statute cannot apply to a pending suit, and that to apply it would be to destroy a vested right of Amco.

*Dowlen* v. *Fitch,* supra, quoted with approval from the text of 50 American Jurisprudence, Section 482, page 506, to the effect that a statute which only furnishes a new remedy, Chapter 34, Public Acts of 1953, " 'applies to all actions—those which have accrued or are pending and future actions.' " Probably that part of the quotation, as to pending actions, should not, per se, be considered conclusive here since the question of a pending action was not involved in *Dowlen* v. *Fitch.*

However, the question was involved in *National Life & Accident Insurance Company* v. *Atwood,* 29 Tenn. App. 141, 147, 194 S. W. (2d) 350, 353. The Court, to quote, held:—"A statute which furnishes a new remedy but does not impair any contractual obligation or disturb a vested right is applicable to proceedings begun before its passage." According to the text of 50 American Jurisprudence, page 506, and it cites numerous cases so holding, the general rule is that:—" * * * a statute or amendment which furnishes a new remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto".

According to the text of 82 C. J. S., Statutes, Section 422, pp. 998-999, the rule is that "Unless an intent to the contrary is expressed, a statute providing, or merely affecting, the remedy may apply to, and operate on, * * * all actions, whether commenced before or after its enactment". This 1953 statute does not purport to make any distinction between supplying an additional remedy to enforce a right in being and one for the enforcement of which a suit had been started. Indeed, reason would seem to dictate the conclusion that such would have been a distinction between two situations as to which there is no practical difference. To make such a distinction in this case would violate the rule that a remedial statute " 'should be liberally construed in furtherance of its purpose.' " *Bryant* v. *Mulder*, 163 Tenn. 600, 604, 45 S. W. (2d) 48, 49.

Amco insists that the application of this statute deprives it of a vested right, in that, so it says, "service of process was made on the wrong party". To be more explicit, Amco's insistence is that the summons was served on the wrong agent of Amco. This summons was served upon that person whom Amco had designated "for the service of process upon it in all actions or suits brought against it in the courts of this state". Code Section 4120. In considering this insistence care must be taken not to confuse it with the question of venue.

In compliance with the requirement made as a condition precedent to its carrying on of business in this state, Amco designated this Knox County agent "as its agent for the service of process upon it in *all actions* or suits brought against it in the courts of this state". Section 4120. (Emphasis supplied.) Unless the Court is to ignore this mandate of the legislature, and thereby eliminate

from its enactment the word "all", it does not seem permissible to conclude that service had upon such statutory agent was service "on the wrong agent of Amco", no matter in what county, Madison included, this suit might have been instituted.

The construction immediately above placed upon this provision in the 1929 Act is the exact construction placed by this Court on a like provision in a similar statute enacted by our Legislature in the case of *Cartmell* v. *Mechanics' Insurance Company*, 167 Tenn. 498, 500, 71 S. W. (2d) 688, 689, wherein the Court held:

"The insurance commissioner, as agent by appointment of a foreign insurance company, is agent for the whole state, on whom process, running from any county, may be served without regard to the location of the company's principal office or place of business or of the place where the cause of action arose. 33 C. J. p.156. In most jurisdictions having similar statutes, such acts have been held to be cumulative so that process may be served on the insurance commissioner under the appointment by the company or upon any other legally authorized agent."

So it is that, in the end, the complaint of Amco correctly is that the suit was brought in the wrong county. Amco's brief, as we read it, does, in substance, so concede by its following statement: "However, the fatal mistakes made by plaintiff were that the suit was begun in the wrong county and service of process was made on the wrong party. That is to say, manifestly the Humboldt Law Court did not have proper venue of this particular case, and lacking venue, lost jurisdiction over the defendants when defendants challenged same by their respective pleas."

The insistence of Amco just above stated leaves out of consideration the controlling fact that before such plea to

the venue had been even so much as filed there had been enacted the 1953 Act making Gibson County a county of venue in this suit. This statute granting an additional county of venue for the redress of the wrong alleged, being purely remedial, did, as we have seen, apply to the suit which Amco admits was pending in Gibson County at the time.

■ As pointed out in *Collins* v. *East Tennessee, etc., Railroad,* 56 Tenn. 841, 847, "the right to a particular remedy * * * is not a vested right. The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existence—or may abolish old and substitute new remedies. It may modify an existing remedy— or remove an impediment in the way of judicial proceedings". The only impediment in the way of proceeding with this suit in Gibson County was that it was not a county of venue at the time the suit was instituted there. The 1953 Act simply removed that impediment by this remedial statute.

It is the opinion of this Court for the reasons stated that the Court of Appeals erred in sustaining Amco's plea in abatement and in accordance therewith ordering the dismissal of this suit.

■ The driver in Gibson County of Amco's truck at the time of this accident was Arthur Brandon. The summons issued by the law court of Gibson County with the declaation filed on January 21, 1953 directed the sheriff of Knox County to summons Amco and Brandon. The Knox County sheriff returned this summons on January 24, as to Brandon "not to be found in my county", but served as to Amco. On January 27, 1953 Brandon, who was a resident of Madison County, came into Gibson County. After

he entered that county on that day the Gibson County Law Court issued a summons directing the sheriff of Gibson County to summon Amco and Brandon, etc. That summons was served on Brandon and return made the same day, and returned not found as to Amco.

The Trial Judge overruled a plea in abatement as to jurisdiction of the person of Brandon. The Court of Appeals sustained the plea, and dismissed the suit as to Brandon.

The suit which proceeded to trial, verdict, judgment and appeal was the one commenced by the summons issued on January 21, 1953 and served on Amco by service in Knoxville on its statutory agent for service of process. No jurisdiction of the person of Brandon was obtained under that summons and no alias was ever issued.

The subsequent summons issued against Brandon on January 27 was an original summons wherein Amco likewise was named as a defendant. It would be unrealistic in this situation to hold that jurisdiction of the person of Brandon was obtained under the summons issued on January 21 by reason of a suit commenced against Brandon on January 27. For that reason this Court is of the opinion that the Court of Appeals did not err in reversing the judgment of the Circuit Court as to Brandon, and dismissing this suit as to him.

The judgment of the Court of Appeals will be affirmed as to Brandon and will be reversed as to Amco Feed Stores, Inc. The cause will be remanded to the Court of Appeals for decision of Amco's assignments of error based upon the evidence, etc., decision of those assignments of error having been pretermitted by the Court of Appeals because its conclusion as to jurisdiction of the person of Amco, had that conclusion not been erroneous,

would have been determinative of the case in favor of Amco.

SWEPSTON, Justice, did not participate in consideration of this case.